**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**SAM HARRIS,**
        **Plaintiff,**

**v.**                 **Civil Action No.: 5:06cv148**
                      **(Chief Judge Keeley)**

**GENERAL ELECTRIC CAPITAL
CORPORATION and CITICAPITAL
COMMERCIAL LEASING CORPORATION
f/k/a/ ASSOCIATES COMMERCIAL CORPORATION,**
        **Defendants.**

## ORDER

On the 11th day of July 2007 came Plaintiff, by counsel Chad C. Groome and George Sidiropolis, Defendants counsel Kathy K. Condo, not appearing, for a hearing on Plaintiff's Motions Motion To Compel Adequate Discovery Responses filed May 14, 2007 bearing Docket Entry 36 and Second Motion To Compel Adequate Discovery Responses filed June 4, 2007 bearing Docket Entry 37.

### Brief Procedural History

Plaintiff filed his complaint in State Court alleging generally Defendants forced him to pay more on his truck loan than the loan contract required and held the title to his truck after the indebtedness against it had been paid. Plaintiff alleged statutory and common law claims and asserted that he is due extra-contractual damages based on the alleged conduct of Defendants.

Defendants removed the action to this court. Plaintiff's motion to remand the case to state court was denied by the District Judge in major part because Plaintiff's claim for damages exceeds the jurisdictional limit of $75,000 and diversity of citizenship not being disputed.

The parties were before the court relative to a prior discovery dispute which revolved around whether Defendants should be forced to respond to Plaintiffs discovery requests filed with the complaint in the State Court action after removal to federal court and prior the FRCivP 26(f) conference. The motion was resolved by the Court's order of March 1, 2007 [DE18] which required responses to the pending discovery within 30 days of the FRCivP26(f) conference and declared Defendants' prior responses to requests for admission invalid.

Thereafter, the parties became embroiled the pending discovery disputes. Plaintiff filed his Motion to Compel Adequate Discovery Responses and Second Motion To Compel Adequate Discovery Responses. Responses and Replies were filed by Defendants and Plaintiff respectively. The Court Ordered the parties

to comply with the meet and confer requirements of LRCivP 26.04(b) and scheduled a hearing for July 11, 2007 at 2:30 p.m. at the Clarksburg, West Virginia point of holding court [DE52].

## Hearing

**Non-appearance of counsel for Defendants**

Prior to the hearing, the Court was advised counsel for Defendants had appeared at the Wheeling, West Virginia point of holding court only to realize she was at the wrong location for the hearing. Counsel for Defendants requested leave of Court to participate in the hearing by telephone. That leave was Denied. Counsel of Plaintiffs did not seek to disadvantage Defendant in the absence of its counsel.

**Counsel for Plaintiffs report with respect to the results of the parties meet and confer conferences**

The Court inquired of counsel for Plaintiffs to explain whether the court ordered meet and confer had resulted in resolution of any portions of the two motions to compel. Counsel for Plaintiffs represented the following results[1] from the meet and confers:

DE 36:

Interrogatories Plaintiff claims GE said it would supplement and did not:

1	T

4	NR

5	R

6	NR

11	T

14	T

15	T

17	T

production request 15 T


Requests for Production Plaintiff claims GE did not adequately respond to:

1	T

---

[1] R= resolved; NR=not resolved and T=additional time requested.

2	T

3	T

4	T

5	T

6	T

7	T

8	NR

9	T

10	T

11	T

12	T

13	T

14	T

15	T

Interrogatories Plaintiff claims GE did not adequately respond to:

1	T

2	T

3	T

4	NR

5	T

6	NR

7	T

8	NR

9	T

19 (probably 10)	T

11	T

12	T

13  NR

14  T

15  T

16  T

17  T

18  T

Discovery responses Plaintiff claims CITI would supplement and did not:

Interrogatories

1   T

4   NR

5   T

11  T

14  T

15  T

16  T

17  T

19  T

Requests for production

13  T

14  T

15  T

Discovery Requests Plaintiff claims CITI failed to adequately respond to:

Requests for production

1   T

2   T

3   T

4   NR

5   T

6   T

7   T

8   T

9   T

10  T

11  T

12  T

13  T

14  T

15  T

Interrogatories

1   T

2   T

3   T

4   NR

5   T

6   NR

7   NR

8   NR

9   T

10  T

11  T

12  T

13  T

14  T

15  P

16  T

17  T

18  T

19    T


DE 37

Requests for admissions Plaintiff claims GE failed to respond to and are deemed admitted:

1     R

6     R

10    R

11    R


Requests for admissions Plaintiff claims GE Failed to adequately respond to:

1     R

2     R

3     R

5     R

6     R

7     R

9     R

10    R

11    R

13    R

14    R

15    R


Requests for admissions Plaintiff claims CITI has not supplemented:

11    R

12    R


Requests for admissions Plaintiff claims CITI has failed to adequately respond to:

1     R

| | |
|---|---|
| 2 | R |
| 3 | R |
| 4 | R |
| 5 | R |
| 6 | R |
| 8 | R |
| 9 | R |
| 10 | R |
| 11 | R |
| 12 | R |

**ORDER**

Thereupon Counsel for Plaintiffs moved to continue further proceedings with respect to those discovery matters raised by the pending motion [DE 36] on which he had requested additional time [T] and which he noted were unresolved.

The Court noting the great progress that had been made in resolving some of the discovery disputes through the meet and confer process and recognizing that discovery does not close until November 2007 and for other reasons stated on the record, hereby **GRANTS** Plaintiff's oral motion to continue generally those discovery matters raised by the pending motion [DE 36] on which Plaintiff had requested additional time [as marked herein with a "T"] provided that: 1) all such discovery and disputes concerning such discovery (including but not limited to all briefings, responses, replies, hearings provided for herein) are completed as directed by the Court's scheduling order heretofore entered in this case and 2) if additional disputes continue or arise over the matters marked with a "T" herein, Plaintiff must renew his motion with respect to the specific disputes, brief the issues anew after which Defendants will have ten (10) calendar days within which to file their response and Plaintiff shall have an additional five (5) calendar days within which to file his reply prior to further hearings on the disputed discovery.

In the event the parties are not able to resolve the matters raised by Plaintiff's pending motion [DE 36] that are marked "NR" herein within thirty [30] calendar days of the date of this Order, either party shall notify the Court of the impasse and the Court shall thereafter schedule

additional hearings with respect to said then disputed and not resolved [NR] matters.

The Court further notes that all matters in dispute with respect to Plaintiff's Second Motion To Compel Adequate Discovery Responses [DE 37] have been resolved by the parties through the meet and confer process. Accordingly, Plaintiff's Second Motion To Compel Adequate Discovery Responses [DE 37] is hereby **DENIED AS MOOT** and the clerk is directed to remove the same from the docket of motions actively pending before the court.

It is so **ORDERED**.

The Clerk is directed to provide a copy of this Order to counsel of record.

DATED: July 11, 2007.

/s *John S. Kaull*

JOHN S. KAULL  
UNITED STATES MAGISTRATE JUDGE